Curia, per

O’Neall, J.
In discussing this case, I will first consider the second ground of appeal, which supposes that the judge below was iii error in saying that the defendant occupied the position of the creditor under whose judgment he bought This will only need to be touched, to be placed in its proper point of view.
As against a creditor, a deed executed with a view to defeat, delay or hinder him, is void. He is therefore at liberty to treat the estate of his debtor, thus conveyed, as if no such conveyance existed, and to sell it in satisfaction of his debt,(a) The purchaser buying at such sale, must be *245 permitted to show all the facts which make his title good, or else a sale by the ^creditor would be of no importance. To do this he must stand in the place of the creditor. Indeed the judgment is a part of his title, and for that reason, if there was no other, he must be allowed to show the same facts which the creditor could, in order to give it effect.
This much I have thought it necessary to say, in answer to this ground, in the hope of making that past all future dispute, which has been heretofore treated as not admitting of question, as will be seen by referring to the almost innumerable cases of fraud with which our books are crowded.
The third ground raises the question of the validity of Wm. F. Pearson’s assignment to the plaintiff of Barker’s assignment of Farmer’s Inn, accompanied by the assignment of the judgment and ca. sais. It would be enough here to concede that Barker’s assignment of Farmer’s Inn, under the prison bounds’ Act, vested in Wm. F. Pearson the legal estate. For, in that event, it was an estate in land, which, to be legally conveyed in this State, must be evidenced by a deed, executed in the presence of two witnesses. Alston vs. Thompson, (1 So. Ca. Rep. by Cheves, 271.) A short assignment of an assignment, conveys nothing, but wanting the requisites of being under seal and witnesses, (if it were even otherwise sufficient,) it cannot have the effect to pass land. It is a great deal more like the instrument in Cline vs. Black, (4 McCord, 431,) than it is like a deed. In that case, a nonsuit was ordered, because the instrument was not under seal, and could not, therefore, pass land. In the Court of Appeals, my brother Johnson said, with great truth, “ Upon the whole, I scarcely recollect a case in which there were so many well founded objections to the plaintiffs recovery.” The same might, I think, be very well said of this part of this case.
; But, I think, the true view of an assignment under the prison bounds’ Act, is not that it vests the assignor’s estate absolutely in the assignee, but that it operates as a mere authority to him to enter upon, recover, sell and convey it, in satisfaction of the debt. The words are that the “judge, justice, or commissioner of special bail, before whom the prisoner shall be brought, shall order an assignment of the prisoner’s estate, and effects mentioned in the schedule, to be made to the plaintiff, subject, nevertheless, to all prior incumbrances; whereupon the creditor, if necessary, may take possession, and if necessary, *sue in his or her own name for the recovery thereof.” These words, without stopping to comment upon them particularly, plainly import a mere authority, (if necessary to be exercised,) to take possession and sue for the recovery thereof. Stopping there, possession taken under the assignment, would be merely satisfaction of the debt. (5 Stat at Large, 79.) But the fifth section provides, if the property mentioned in the schedule “ should prove deficient, any other property which the prisoner may have, or thereafter may acquire, shall be liable.” This shows that it was intended that the creditor should ascertain the money value of the property assigned ; and no better mode can be resorted to than a sale, and the application of the proceeds in satisfaction of the debt. The assignee’s power over his debtor’s estate assigned, is the same in most respects with that of the sheriff under execution. He has the right to enter, sell, and convey, in satisfaction. This was, however, not done here. The assignment of an assignment under the prison bounds’ Act, is the assign *246 ment of a power which can have no effect whatever. The assignment to Pearson was not carried into legal effect. He suffered Farmer’s Inn to remain in the uninterrupted possession of Barker, and his estate remained undivested, for the plain reason that the power which he had granted was not exercised. This view of it was taken by the parties themselves, for Jones, as Wm. F. Pearson’s assignee, constituted P. E. Pearson his attorney, to sell and convey Farmer’s Inn, and he accordingly sold it, purchased it for, and conveyed it to, his principal. This proceeding was illegal, and has not been attempted to be sustained in argument. But it shows that the parties claiming under the assignment did not suppose that it clothed them with the title to the land, but only with an authority to[s ell and convey.
The assignment of the judgments and the ca. sa’s. cannot help to vest in the plaintiff an estate which he has not otherwise acquired. They would only support his title, if it could be legally deduced from them. But here, when Pearson did not act under his assignment, the assignment of the judgment and executions, when the assignment of the assignment was made, may go far to show that the title of Barker was not intended to be divested, but to be so covered up with incumbrances that it could not be reached by his other creditors.
*This brings me to the first ground, which supposes that the Judge below erred, in submitting to the jury the question whether Jones’s title was, or was not, fraudulent. From what has been already said, it is plain that Jones cannot connect himself with Pearson’s title under the assignment, whatever it may be. But when it is remembered that Pearson, under his assignment, had no title to the absolute estate, but that he had a mere power to enter upon Barker, and sell and convey “Farmer’s Inn,” in satisfaction of his debt, and that no such entry was made, there is, it seems to me, an end of all pretence on that score. But, I go further : the jury might well conclude, from the relationship between Jones and Barker, from the conveyance to the former of the whole of the personal estate and interest of the latter and his wife, that the debts to Pearson were really paid by Jones, out of Barker’s funds, and the assignments were made as a cover to protect the property against creditors.
But the true view is to put Pearson’s assignment out of view, and to look to the plaintiff, Jones, as standing on Barker’s acknowledgment of tenancy. To give that its strongest effect, it is only an admission by him of Jones’s title ; and standing by itself, in a question of fraud, it could not certainly claim to stand on higher grounds than his deed. Looking to it, it furnishes evidence that at or before its date, the debtor, Barker, had conveyed Farmer’s Inn to Jones ; the question can then well be made by a creditor, whether the conveyance is not void by fraud.
To enable the jury to decide this question, the following facts had been proved, to wit: 1st. That Barker, from the day on which he purchased the place called Farmer’s Inn, to the day on which it was sold by the sheriff, had remained in the undisturbed possession. 2d. That Jones was his brother-in-law. 3d. That to him Barker and his wife had conveyed all his and her estate, property and interest. To them the attention of the jury was directed, and they were told, that if they satisfied them that Jones’s title was a mere cover to protect Barker’s property from the *247 claims of his creditors, then they might find for the defendant; otherwise they must find for the plaintiff.
This was submitting the question of fraud, as one of facts merely, to the jury, and it would be strange to say that the *matter which belonged appropriately to them, should be withheld from them. And it is still stranger that the plaintiff should complain of error, when the question of fraud is put to the jury as a fact, which is the most favorable way in which it could be put for him.
The motion is dismissed,
RichaRDSON and Evans, JJ., concurred.

 4 Rich. 129.